**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TRAXCELL TECHNOLOGIES, LLC.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. _____** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **ALE USA INC., d/b/a** | ) | **JURY TRIAL DEMANDED** |
| **ALCATEL-LUCENT ENTERPRISE** | ) | |
| **USA INC.** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Traxcell Technologies, LLC. ("Traxcell") files this Original Complaint and demand for jury trial seeking relief from patent infringement by ALE USA Inc. d/b/a Alcatel-Lucent Enterprise USA Inc. (hereafter at times referred to as "ALE USA"), alleging as follows:

**I.    THE PARTIES**

1.   Plaintiff Traxcell is a Texas Limited Liability Company, with its principal place of business located 1405 Municipal Ave., Suite 2305, Plano, TX 75074.

2.    On information and belief, ALE USA Inc. d/b/a Alcatel-Lucent Enterprise USA Inc., is a corporation with its principal place of business located at 6300 Legacy Drive, Suite 100, Plano, TX 75024 and may be served with process at Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701. On information and belief, ALE USA sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing

processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

## II.   JURISDICTION AND VENUE

3.   This is an action for patent infringement arising under the patent laws of the U.S., 35 U.S.C. §§ 1 et. seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.   This Court has personal jurisdiction over Defendant ALE USA because: ALE USA is present within or has minimum contacts within the State of Texas and this judicial district; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).  On information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas.

## III.   INFRINGEMENT ('320 Patent)

6.   On November 29, 2016, U.S. Patent No. 9,510,320 ("the '320 patent") entitled "Machine for Providing a Dynamic Database of Geographic Location Information for a Plurality of Wireless Devices and Process for Making Same" was duly and legally issued by the U.S. Patent and Trademark Office. Traxcell owns the '320 patent by assignment.

7.  The '320 Patent's Abstract states, "For a wireless network, a tuning system in which mobile phones using the network are routinely located. With the location of the mobile phones identified, load adjustments for the system are easily accomplished so that the wireless network is not subject to an overload situation. Ideally the location of the mobile phones is accomplished whether the mobile phones are transmitting voice data or not."

8.  ALE USA makes, uses, offers to sell, or sells within or imports into the U.S. wireless networks, wireless-network components, and related services that use identified locations of wireless devices to perform adjustments such that ALE USA infringes claims 1–6 of the '320 patent, literally or under the doctrine of equivalents. Some examples of the wireless-network components are End-to-End 4G LTE Solution, 7750 Service Router Mobile Gateway, 9471 Wireless Mobility Manager, 5780 Dynamic Services Controller (DSC), 5620 SAM (Service Aware Manager), Wireless Network Guardian 9900 (WNG), Intelligent Traffic Management (ITM), IMS (IP Multimedia Subsystems) 9.3, Subscriber Data Manager (SDM), Network Performance Optimizer (NPO) and related servers, computers, storage devices, and wireless-network components. Defendant put the inventions claimed by the '320 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant obtaining monetary and commercial benefit from it.

9.  ALE USA has and continues to induce infringement. ALE USA has actively encouraged or instructed others (e.g., its customers), and continues to do so, on how to use its products and services (e.g., U.S. wireless networks, wireless-network components [e.g., End-to-End 4G LTE Solution, 7750 Service Router Mobile Gateway, 9471 Wireless Mobility Manager, 5780

Dynamic Services Controller (DSC), 5620 SAM (Service Aware Manager), Wireless Network Guardian 9900 (WNG), Intelligent Traffic Management (ITM), IMS (IP Multimedia Subsystems) 9.3, Subscriber Data Manager (SDM), Network Performance Optimizer (NPO) and related servers, computers, storage devices, and wireless-network components], and related services that use identified locations of wireless devices to perform adjustments such to cause infringement of claims 1–6 of the '320 patent, literally or under the doctrine of equivalents. Moreover, ALE USA has known of the '320 patent, by at least by the date ALE USA is served with this Complaint such that ALE USA knew and should have known that it was and would be inducing infringement; it has induced infringement post-suit filing.  Further, evidence exists that shows ALE USA knew of the published patent Application, 20080045234, since at least May of 2013 when it was cited against a patent application assigned to ALE USA, USSN 13/389,495. Further, other evidence exists in the record the Reed published application was cited against ALE USA applications on multiple occasions.

10.   ALE USA has caused and will continue to cause Traxcell damage by infringing (including inducing infringement of) the '320 patent.

### IV.   INFRINGEMENT ('284 Patent)

11.  On March 10, 2015, U.S. Patent No. 8,977,284 ("the '284 patent") entitled "Machine for Providing a Dynamic Database of Geographic Location Information for a Plurality of Wireless Devices and Process for Making Same" was duly and legally issued by the U.S. Patent and Trademark Office. Traxcell owns the '284 patent by assignment.

12. The '284 Patent's Abstract states, "For a wireless network, a tuning system in which mobile phones using the network are routinely located. With the location of the mobile phones identified, load adjustments for the system are easily accomplished so that the wireless network

4

is not subject to an overload situation. Ideally the location of the mobile phones is accomplished whether the mobile phones are transmitting voice data or not."

13. ALE USA makes, uses, offers to sell, or sells within or imports into the U.S. wireless networks, wireless-network components, and related services that use identified locations of wireless devices to perform adjustments such that ALE USA infringes one or more claims of the '284 patent, including—for example—Claims 1 and 4, literally or under the doctrine of equivalents. Some examples of the wireless-network components are End-to-End 4G LTE Solution, 7750 Service Router Mobile Gateway, 9471 Wireless Mobility Manager, 5780 Dynamic Services Controller (DSC), 5620 SAM (Service Aware Manager), Wireless Network Guardian 9900 (WNG), Intelligent Traffic Management (ITM), IMS (IP Multimedia Subsystems) 9.3, Subscriber Data Manager (SDM), Network Performance Optimizer (NPO) and related servers, computers, storage devices, and wireless-network components. Defendant put the inventions claimed by the '284 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant obtaining monetary and commercial benefit from it.

14. ALE USA has and continues to induce infringement. ALE USA has actively encouraged or instructed others (e.g., its customers), and continues to do so, on how to use its products and services (e.g., U.S. wireless networks, wireless-network components [e.g., End-to-End 4G LTE Solution, 7750 Service Router Mobile Gateway, 9471 Wireless Mobility Manager, 5780 Dynamic Services Controller (DSC), 5620 SAM (Service Aware Manager), Wireless Network Guardian 9900 (WNG), Intelligent Traffic Management (ITM), IMS (IP Multimedia

Subsystems) 9.3, Subscriber Data Manager (SDM), Network Performance Optimizer (NPO) and related servers, computers, storage devices, and wireless-network components], and related services that use identified locations of wireless devices to perform adjustments such to cause infringement one or more claims of the '284 patent, including—for example—Claims 1 and 4, literally or under the doctrine of equivalents.  Moreover, ALE USA has known and should have known of the '284 patent, by at least by the date of the patent's issuance, which followed the date that a family-related patent's underlying application was cited to ALE USA by the U.S. Patent and Trademark Office during prosecution of one of ALE USA's patent applications, such that ALE USA knew and should have known that it was and would be inducing infringement. Further, evidence exists that shows ALE USA knew of the published patent Application, 20080045234, since at least May of 2013 when it was cited against a patent application assigned to ALE USA, USSN 13/389,495.  Further, other evidence exists in the record the Reed published application was cited against ALE USA applications on multiple occasions.

15.    ALE USA has caused and will continue to cause Traxcell damage by infringing (including inducing infringement of) the '284 patent.

### PRAYER FOR RELIEF

WHEREFORE, Traxcell respectfully requests that this Court:

i.    enter judgment that ALE USA has infringed the '284 and '320 patents;

ii.   award Traxcell damages in an amount sufficient to compensate it for ALE USA's infringement of the '284 and '320 patents, in an amount for infringement of each patent of no less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

iii.　award Traxcell an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

iv.　declare this case to be "exceptional" under 35 U.S.C. § 285 and award Traxcell its attorneys' fees, expenses, and costs incurred in this action; and

v.　award Traxcell such other and further relief as this Court deems just and proper.

### JURY DEMAND

Traxcell hereby requests a trial by jury on issues so triable by right.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

**Attorney for Traxcell**

**Hicks Thomas, LLP**

John B. Thomas (Co-Counsel)
jthomas@hicks-thomas.com
Texas Bar No. 19856150
700 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 547-9100
Facsimile: (713) 547-9150

**Co-Counsel for Traxcell**