William P. Ramey, III
wramey@rameyfirm.com
(appearing *pro hac vice*)
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

John B. Thomas
jthomas@hicks-thomas.com
SBN 269538
Hicks Thomas LLP
8801 Folsom Boulevard, Ste. 172
Sacramento, California 95826
(916) 388-0822 (telephone)
(916) 691-3261 (fax)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC,<br>    Plaintiff,<br><br>v.<br><br>ALE USA, INC.,<br>    Defendant. | Civil Action No. 2:18-cv-06736 PSG (ASx)<br><br>**OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:   August 5, 2019<br>Time:  1:30 PM<br>Judge: The Hon. Philip S. Gutierrez |

## OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff requests leave to file its First Amended Complaint adding a certificate of correction issued by the United States Patent and Trademark Office for Clams 1 and 2 of U.S. Patent No. 8,977,284. Plaintiff filed the First Amended Complaint as ECF No. 94. Defendant is opposed to this motion.

### I. PLAINTIFF REQUESTS LEAVE TO AMEND.

On May 7, 2019, the United States Patent and Trademark Office corrected Claims 1 and 2 of the U.S. Patent No. 8,977,284 by Certificate of Correction.[1] As such, from May 7, 2019 forward, Corrected claims 1 and 2 are the proper claims.[2] A certificate of correction applies only prospectively to future acts of infringement.[3] Plaintiff can recover for any acts of infringement of Claim 1 on and after May 7, 2019.[4]

### II. LEAVE TO FILE SHOULD BE FREELY GIVEN WHEN JUSTICE SO REQUIRES.

---

[1] *See* ECF No. 93, Declaration of William P. Ramey, III ("Ramey Decl."), Exhibit A, Certificate of Correction for Claims 1 and 2 of the '284 patent.
[2] *See LG Elecs., Inc. v. Quanta Computer Inc.*, 566 F. Supp. 2d 910, 912 (W.D. Wisc. 2008) (prospective infringement is available for corrected claims upon the fling of an amended complaint).
[3] *See Southwest Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1295 (Fed. Cir. 2000).
[4] The Court never held Claim 2-11 invalid as indefinite.

Fed. R. Civ. P. 15(a)(2) provides, "[t]he court should freely give leave when justice so requires." Because Rule 15 "evinces a bias in favor of granting leave to amend," a district court's discretion "is not broad enough to permit denial," except where a "substantial reason" for denial exists, such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party."[5]  Here, the United States Patent and Trademark Office issued the correction on May 7, 2019.  Plaintiff notified Defendants on May 8, 2019 of the Certificate of Correction.[6]

This motion is field a month after Notice was provided of issuance of the Certificate of Correction.[7]

### III.  LEAVE TO AMEND SHOULD BE GRANTED BECAUSE THE AMENDMENT WOULD SERVE JUSTICE AND WOULD NOT UNDULY PREJUDICE DEFENDANTS.

**A. No new Claim Terms Need to be Construed**

Defendants are not unduly prejudiced because no further claim terms require construction as the corrected patent does not change any of the terms for which defendant seeks construction.[8]  Further, even without the Certificate of Correction, a

---

[5] *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).
[6] *See* ECF No. 93, Ramey Decl. at ¶4.
[7] *See id.* at ¶5.
[8] *See* ECF No. 92, *generally*.

court is allowed to change its opinion.[9] Thus, Defendants are not prejudiced as the Court could on its own modify its previous ruling. If Defendants are not prepared on Claim 1, only Defendants are to blame. Plaintiff's original Complaint asserted Claims 1-11 of the '284 patent and those claims are still asserted. In a related case, Claim 1 was found indefinite, but Corrected Claim 1 may still be asserted.[10] Plaintiff has moved to add the corrected patent in all related cases.

Plaintiff also does not object to Defendants offering expert testimony on Claims 1-11 of the '284 patent. Thus, Defendants cannot claim they are prejudiced by not having expert testimony.

**B. Corrected Claim 1 of the '284 Patent Resolves the Purported Antecedent Ambiguity**

---

[9] *Jack Guttman, Inc. v. Kopykake Enterprises, Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) ("District courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves. This is particularly true where issues involved are complex, either due to the nature of the technology or because the meaning of the claims is unclear from the intrinsic evidence."). *Accord Pressure Prods. Med. Supplies, Inc. v. GreatBatch Ltd.*, 599 F.3d 1308, 1315-16 (Fed. Cir. 2010) (rejecting argument that district court procedurally erred in issuing a revised claim construction of a means-plus-function limitation during the course of the trial when it became clear from the questions to the witnesses that the parties had a dispute over the scope of the corresponding structure applicable to the means-plus-function limitation based on the original claim construction). Accordingly, should an indefiniteness dispute arise based on a claim construction rendered in a *Markman* proceeding, the parties should request the district court to attempt to revise or clarify its claim construction to address the indefiniteness challenge before holding the claim invalid for indefiniteness. *Cf. Wisconsin Alumni Research Foundation v. Intel Corp.*, No. 08-cv-78-bbc, 2009 WL 3003835, *22-*23 (W.D. Wis. Sept. 17, 2009) (criticizing parties for waiting too long to bring to court's attention a further dispute as to a claim construction the court had previously made, and while providing a further construction of the term since the original construction did not address the specific aspect of the dispute, noting that neither party could claim any prejudice from the late construction due to their tardiness in bringing the issue to the court's attention).
[10] *See Quanta Computer Inc.*, 566 F. Supp. 2d at 912 (prospective infringement is available for corrected claims upon the fling of an amended complaint).

Claims 1 and 2 were corrected by Certificate of Correction to resolve any ambiguities with the original claim language. Plaintiff's Notice of the Corrected Claim language under ECF No. 94.

As corrected, Claim 1 of the '284 patent provides:

> 1. A wireless network comprising:
>    a) at least two wireless devices, each said wireless device communicating via radio frequency signals;
>    b) a first computer programmed to perform the steps of: 1) locating at least one of said at least two wireless devices on said wireless network and referencing performance of said at least one wireless device with wireless network known parameters, 2) routinely storing performance data and a corresponding location for said at least one wireless device in a memory;
>    c) a radio tower adapted to receive radio frequency signals from, and transmit radio frequency signals to said at least one wireless device; wherein said first computer further includes means for receiving said performance data and suggest corrective actions obtained from a list of possible causes for said radio tower based upon the performance data and the corresponding location associated with said at least one wireless device;
>    d) wherein said radio tower generates an error code based upon operation of said at least one wireless device; and
>    e) wherein said first computer is further programmed to, 1) receive said error code from said radio tower, and, 2) selectively suggest a corrective action of said radio frequency signals of said radio tower in order to restrict processing of radio frequency signals from said at least one of said at least two wireless devices based upon said error code, and, whereby said first computer suggests said corrective action in order to improve communication with said at least one wireless device.

Claim 1 of the '284 patent was corrected as follows:

> 1. A wireless network comprising:
>    a) at least two wireless devices, each said wireless device communicating via radio frequency signals;
>    b) a first computer programmed to perform the steps of: 1) <u>locating at least one of said at least two wireless devices on said wireless network</u> ~~locating at least one said wireless device on said wireless network~~ and referencing

performance of said at least one wireless device with wireless network known parameters, 2) routinely storing performance data and a corresponding location for said at least one wireless device in a memory;
c) a radio tower adapted to receive radio frequency signals from, and transmit radio frequency signals to said at least one wireless device; wherein said first computer further includes means for receiving said performance data and suggest corrective actions obtained from a list of possible causes for said radio tower based upon the performance data and the corresponding location associated with said at least one wireless device;
d) wherein said radio tower generates an error code based upon operation of said at least one wireless device; and
e) wherein said first computer is further programmed to, 1) receive said error code from said radio tower, and, 2) selectively suggest a corrective action of said radio frequency signals of said radio tower in order to <u>restrict processing of radio frequency signals from said at least one of said at least two wireless devices</u> ~~restrict processing of radio frequency signals from at least one of said at least two wireless devices~~ based upon said error code, and, whereby said first computer suggests said corrective action <u>in order to improve communication with said at least one wireless device</u> ~~in order to improve communication with at least one said wireless device~~.

As corrected, Claim 2 of the '284 patent provides:

> 2. The wireless network, according to claim 1, a) further including a second radio tower; and b) wherein said first computer is programmed, based upon said error code, to suggest a corrective adjustment of said radio frequency signals of said second radio tower in order to direct process signals from at least one of said at least two wireless devices based upon said error code, and, whereby said first computer suggests a corrective action of said radio frequency signals of said radio tower and said second radio tower in order improve communication with one or more said wireless devices based on said error code.

Claim 2 of the '284 patent was corrected as follows:

> 2. The wireless network, according to claim 1, a) further including a second radio tower; and b) wherein said first computer is programmed, based upon said error code, to suggest a corrective adjustment of said radio frequency signals of said second radio tower in order <u>to direct process signals from said at least one of said at least two wireless devices</u> ~~to direct process signals from at least one of said at least two wireless devices~~ based

upon said error code, and, whereby said first computer suggests a corrective action of said radio frequency signals of said radio tower and said second radio tower <u>in order to improve communication with one or more of said wireless devices based on said error code</u> ~~in order improve communication with one or more said wireless devices based on said error code~~.

The certificate of correction addresses the holding by the the Court in the Eastern District of Texas that "it is not reasonably certain which wireless devices experience the communication improvement stemming from the restriction."[11] The Claim 1 now specifies the at least one wireless device for which communication is improved. Thus, the Court's reasoning for finding Original Claim 1 invalid as indefinite does not apply for Corrected Claim 1. Claim 2 was corrected for antecedent basis conformity with corrected Claim 1. Each of Claim 2-11 were never held indefinite by the Court.

## IV. CONCLUSION

Plaintiff requests leave to file the Corrected First Amended Complaint as ECF No. 94.

Respectfully submitted,

**Ramey & Schwaller, LLP**

By: /s/ William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 750
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

---

[11]*See* ECF No. 171 at 26 from 2:17-cv-728 pending in the Eastern District of Texas.

**Hicks Thomas, LLP**

John B. Thomas (Co-Counsel)
jthomas@hicks-thomas.com
Texas Bar No. 19856150
700 Louisiana Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 547-9100
Facsimile: (713) 547-9150

*Attorneys for Traxcell*

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Defendants regarding this motion on May 30, 2019, and Defendants' counsel are opposed. This motion is made following the conference of counsel pursuant to L.R.7-3.

/s/ William P. Ramey, III

William P. Ramey, III

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served today, June 10, 2019, with a copy of the foregoing via the Court's CM/ECF system.

/s/ William P. Ramey, III
William P. Ramey, III