Barry K. Shelton (SBN 199307)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, Texas 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166

Greg H. Parker (*pro hac vice*)
greg.parker@pj-iplaw.com
PARKER JUSTISS, P.C.
14241 Dallas Parkway, Suite 620
Dallas, Texas 75254
Telephone: (972) 480-8800
Fax: (972) 480-8865

Attorneys for Defendant ALE USA, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>ALE USA INC.,<br><br>      Defendant. | Case No.: 2:18-cv-06736-PSG-AS<br><br>Hon. Philip S. Gutierrez<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| ALE USA INC.,<br><br>      Counter-Plaintiff,<br><br>  v.<br><br>TRAXCELL TECHNOLOGIES, LLC,<br><br>      Counter-Defendant. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................... 1

II.     LEGAL STANDARD ..................................................................... 2

III.    ARGUMENT.................................................................................3

        A.  The Certificate of Correction is Invalid ................................3

        B.  The Certificate of Correction Is Not Effective in This Case ...............4

        C.  Corrected Claim 1 is Indefinite..............................................5

IV.     CONCLUSION ..........................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Balistreri v. Pacifica Police Dept.*,
   901 F.2d 696 (9th Cir. 1988) ................................................................ 2

*Bonin v. Calderon*,
   59 F.3d 815 (9th Cir. 1995) ................................................................. 2

*Boren v. N.L. Industries, Inc.*,
   889 F.2d 1463 (5th Cir. 1989) ............................................................. 7

*Carrico v. City & County of San Francisco*,
   656 F.3d 1002 (9th Cir. 2011) ............................................................. 2

*H-W Tech., L.C. v. Overstock.com, Inc.*,
   758 F.3d 1329 (Fed. Cir. 2014) ........................................................... 5

*In re Western States Wholesale Natural Gas Antitrust Litigation*,
   715 F.3d 716 (9th Cir. 2013) ............................................................... 2

*Miller v. Rykoff-Sexton, Inc.*,
   845 F.2d 209 (9th Cir. 1988) ............................................................... 2

*Nautilus Inc. v. Biosig Instruments, Inc.*,
   134 S. Ct. 2120 (2014) ........................................................................ 7

*Pisciotta v. Teledyne Indus., Inc.*
   91 F.3d 1326 (9th Cir. 1996) ............................................................... 2

*Southwest Software, Inc. v. Harlequin Inc.*,
   226 F.3d 1280 (Fed. Cir. 2000) ........................................................... 5

*Superior Fireplace Co. v. Majestic Prods. Co.*,
   270 F.3d 1358 (Fed. Cir. 2001) ....................................................... 3, 4

*Traxcell Techs., LLC v. AT&T Inc.*,
   2019 U.S. Dist. LEXIS 64003 (E.D. Tex. April 15, 2019) ........................passim

*Traxcell Techs., LLC v. Huawei Techs. USA Inc.*,
   2019 U.S. Dist. LEXIS 2130 (E.D. Tex. Jan. 7, 2019)................................passim

*Zivkovic v. S. Cal. Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ............................................................. 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Statutes**

35 U.S.C. § 112 ................................................................................................. 5

35 U.S.C. § 255 ........................................................................................... passim

**Rules**

Fed. R. Civ. P. 12 ............................................................................................. 2

Fed. R. Civ. P. 15 ............................................................................................. 2

Fed. R. Civ. P. 72 ............................................................................................. 7

DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

# I.   INTRODUCTION

Defendant ALE USA Inc. ("ALE") submits its Response in Opposition to Traxcell's Motion for Leave to File First Amended Complaint (ECF No. 98). On May 27, 2019, without conferring with ALE or moving for leave to amend, Traxcell filed a "Corrected First Amended Complaint" (ECF No. 94).[1] After several prompts by ALE's counsel, Traxcell finally filed its motion on June 10, 2019.

Continuing its practice from the claim construction briefing, Traxcell recycles its motion for leave to amend from its co-pending cases in the Eastern District of Texas by changing the caption and reformatting on pleading paper. Traxcell's motion fails to address relevant Ninth Circuit law and makes arguments based on the asserted claims and claim construction rulings in the Eastern District.[2] For example, Traxcell asserts that "[t]he Court never held Claim [*sic*] 2-11 invalid as indefinite," even though those claims are not asserted here and this Court has not yet held the claim construction hearing. Mot. at 2, n.4.

The Court should deny Traxcell's motion for leave to file an amended complaint because amendment is futile on several grounds. Traxcell requested a Certificate of Correction to address the indefiniteness of claim 1 of the '284 patent. The "corrections" made to claim 1 are not permitted under 35 U.S.C. § 255, rendering the May 7, 2019 Certificate of Correction invalid. Moreover, Traxcell cannot assert the corrected claim in this case pursuant to statute and controlling precedent. Finally, even if the Court permitted Traxcell to file a Second Amended Complaint, the "corrected" language of claim 1 is still indefinite.

---

[1] Traxcell filed its First Amended Complaint on May 2, 2017, so it should have requested leave to file its Second Amended Complaint. *See* ECF No. 15, No. 2:17-cv-00041 (E.D. Tex.).

[2] *See Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 2:17-cv-00042, 2019 U.S. Dist. LEXIS 2130 (E.D. Tex. Jan. 7, 2019) (hereinafter *"Huawei"*) and *Traxcell Techs., LLC v. AT&T Inc.*, No. 2:17-cv-00718, 2019 U.S. Dist. LEXIS 64003 (E.D. Tex. April 15, 2019) (hereinafter *"AT&T"*).

## II.   LEGAL STANDARD

Amendment of pleadings is governed by Federal Rule of Civil Procedure 15, which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend, however, "is not to be granted automatically." *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Granting leave to amend rests in the sound discretion of the district court. *See Pisciotta v. Teledyne Indus.*, Inc., 91 F.3d 1326, 1331 (9th Cir. 1996). Courts consider the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d at 738.

Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Futility of amendment can, by itself, justify the denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Futility is a measure of the amendment's legal sufficiency, and as such, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

////

////

## III.   ARGUMENT

Claim 1 of the '284 patent was found indefinite by the court in the Eastern District of Texas on January 7, 2019. *See Huawei*, 2019 U.S. Dist. LEXIS 2130, at *42-45. A week later, Traxcell requested a Certificate of Correction for claims 1 and 2. On May 7, 2019, the U.S. Patent and Trademark Office ("USPTO") issued a Certificate of Correction. Traxcell's motion for leave to file its second amended complaint should be denied as futile for three reasons: 1) because the error in claim 1 was neither a clerical or typographical mistake, nor a mistake of minor character, the Certificate of Correction is invalid; 2) corrected claim 1 can no longer be asserted in this case pursuant to the statute governing certificates of correction for an applicant's mistake, 35 U.S.C. § 255, and binding precedent; and 3) even if the Court permitted Traxcell to assert corrected claim 1, it is still indefinite.

### A.   The Certificate of Correction is Invalid

An applicant's mistake in a patent may be corrected pursuant to 35 U.S.C. § 255 "[w]henever a mistake of a clerical or typographical nature, or of minor character, which was not the fault of the Patent and Trademark Office, appears in a patent and a showing has been made that such mistake occurred in good faith." 35 U.S.C. § 255 (2002). Because the indefinite language of issued claim 1 was not "a mistake of a clerical or typographical nature, or of minor character" as the Federal Circuit has construed this phrase, the indefiniteness of claim 1 was not correctable by a certificate of correction. Accordingly, the certificate of correction issued on May 7, 2019 is invalid.

The Federal Circuit construed "a mistake of a clerical of typographical nature" in § 255 as "generally understood to include simple mistakes such as obvious misspellings that are immediately apparent." *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1369-70 (Fed. Cir. 2001). The entire phrase at issue in issued claim 1 of the '284 patent is set forth below:

////

3

> in order to restrict processing of radio frequency signals from <u>at least one of said at least two wireless devices</u> based upon said error code, and, whereby said first computer suggests said corrective action in order to improve communication with <u>at least one said wireless device</u>.

Ex. A, '284 patent at 126:43-48 (emphasis added). The court in the Eastern District of Texas found that this limitation rendered claim 1 indefinite in two sets of consolidated cases. *See Huawei*, 2019 U.S. Dist. LEXIS 2130, at *42-45; *AT&T,* 2019 U.S. Dist. LEXIS 64003 at *37-43. Despite being indefinite, there are no typographical or clerical mistakes or obvious misspellings in this limitation. Indeed, Traxcell argued twice in the Eastern District of Texas that claim 1 was definite and never contended the limitation contained any mistakes until the claim was held indefinite in January 2019. Therefore, the corrected language is not "a mistake of a clerical of typographical nature."

Traxcell's "correction" to claim 1 of the '284 patent is also not "of minor character" because it was made specifically to address the indefiniteness of claim 1. "The scope of a patent claim is its very essence, and that with which the patentee and any competitors are most concerned." *Superior Fireplace*, 270 F.3d at 1375. Accordingly, attempting to correct a claim to cure indefiniteness is not an issue of "minor character" and therefore not correctable by certificate of correction under Federal Circuit precedent. *See id*. at 1375-76.

Accordingly, Defendant respectfully requests that the Court find that the May 7, 2019 Certificate of Correction is invalid, and that amending Traxcell's complaint is futile.

### B. The Certificate of Correction Is Not Effective in This Case

Even if the Court determines that the May 7, 2019 Certificate of Correction is valid, corrected claim 1 cannot be asserted in this case because the certificate is not

1    effective pursuant to § 255 and Federal Circuit precedent.

2        Section 255 provides that the correction is effective "on the trial of actions
3    for causes thereafter arising." 35 U.S.C. § 255 (2002) (emphasis added). The
4    Federal Circuit has held in several cases that the statute mandates that a claim
5    corrected during litigation cannot continue to be asserted in the same case. *See*
6    *Southwest Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1296-97 (Fed. Cir.
7    2000); *see also H-W Tech., L.C. v. Overstock.com, Inc.,* 758 F.3d 1329, 1334-35
8    (Fed. Cir. 2014). Traxcell cites a district court case for the proposition that
9    "prospective infringement is available for corrected claims upon the fling [*sic*] of
10   an amended complaint" but that case is inapposite. *See* Mot. at 2, n.2, citing *LG*
11   *Elecs., Inc. v. Quanta Computer Inc.,* 566 F. Supp. 2d 910, 912 (W.D. Wisc.
12   2008). The court in *LG* denied the plaintiff's motion for leave to supplement its
13   complaint, which sought "to add claims for acts of infringement…that occurred
14   after the patent office corrected claims." *Id*. at 912-913 (emphasis added).

15       Because alleged infringement of corrected claim 1 is not a "cause thereafter
16   arising," the Certificate of Correction (if considered valid by the Court) is not
17   effective in this case. Accordingly, Defendant respectfully requests that the Court
18   find that the May 7, 2019 Certificate of Correction, if valid, is not effective in this
19   case and that amending Traxcell's complaint is futile.

20                   **C.    Corrected Claim 1 is Indefinite**

21       Claim 1 of the '284 patent was held to be indefinite under 35 U.S.C. § 112,
22   ¶ 2 on January 7, 2019 by the Eastern District of Texas court due to the claim term
23   at issue. *See Huawei*, 2019 U.S. Dist. LEXIS 2130, at *42-45. On April 15, 2019
24   the Eastern District of Texas court again found claim 1 indefinite and further noted
25   that the proposed correction to claim 1 also appeared indefinite. *See AT&T,* 2019
26   U.S. Dist. LEXIS 64003 at *37-43.

27       In any event, even if "corrected" claim 1 could be asserted in this case, it
28   remains indefinite as a matter of law. Claim 1, as corrected, is set forth below with

the corrected language underlined:

    1. A wireless network comprising:

    a) at least two wireless devices, each said wireless device communicating via radio frequency signals;

    b) a first computer programmed to perform the steps of:

        1) locating at least one of said at least two wireless devices on said wireless network and referencing performance of said at least one wireless device with wireless network known parameters,

        2) routinely storing performance data and a corresponding location for said at least one wireless device in a memory;

    c) a radio tower adapted to receive radio frequency signals from, and transmit radio frequency signals to said at least one wireless device;

    wherein said first computer further includes means for receiving said performance data and suggest corrective actions obtained from a list of possible causes for said radio tower based upon the performance data and the corresponding location associated with said at least one wireless device;

    d) wherein said radio tower generates an error code based upon operation of said at least one wireless device; and

    e) wherein said first computer is further programmed to,

        1) receive said error code from said radio tower, and,

        2) selectively suggest a corrective action of said radio frequency signals of said radio tower in order

6

1  to restrict processing of radio frequency signals
2  from said at least one of said at least two wireless
3  devices based upon said error code, and, whereby
4  said first computer suggests said corrective action
5  in order to improve communication with said at
6  least one wireless device.

7  ECF No. 93-1, Ex. A to Declaration of William Ramey III, '284 patent at Second
8  Certificate of Correction. Even as corrected, claim 1 is still insolubly ambiguous
9  because it references wireless devices in two distinct ways: "at least one of said at
10  least two wireless devices" (in green above) and "said at least one wireless device"
11  (in blue above). *See Nautilus Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2129
12  (2014). The last limitation of claim 1, despite "correction," injects uncertainty to
13  the claim scope because it implies that "at least one of said at least two wireless
14  devices" means something different from "said at least one wireless device."
15  Therefore, claim 1 remains indefinite because a person of ordinary skill in the art
16  cannot determine whether the "at least one of said at least two wireless devices" is
17  the same wireless device as the "said at least one wireless device" recited
18  throughout the claim.

19  Moreover, claim 1 was found indefinite by the Eastern District of Texas
20  because the '284 specification does not disclose structure for performing the
21  recited function for the "means for receiving said performance data and suggest
22  corrective actions" limitation. *See AT&T,* 2019 U.S. Dist. LEXIS 64003 at *48-57.
23  Traxcell did not object to either of the Magistrate's claim construction orders
24  pursuant to Federal Rule of Civil Procedure 72(a) ("A party may not assign as
25  error a defect in the order not timely objected to."). In the Fifth Circuit, failure to
26  timely object to a magistrate judge's non-dispositive order precludes appeal. *See*
27  *Boren v. N.L. Industries, Inc.,* 889 F.2d 1463, 1465 (5th Cir. 1989). Therefore,
28  Traxcell's failure to object to the claim construction orders in the co-pending

Eastern District of Texas cases dooms claim 1 because it is indefinite.

Accordingly, Defendant respectfully requests that if the Court finds the Certificate of Correction to be valid and effective in this case, that the Court find that corrected claim 1 is indefinite as a matter of law and that amending Traxcell's complaint is futile.

## IV.   CONCLUSION

For the foregoing reasons, ALE respectfully requests that the Court deny Traxcell's motion for leave to file a second amended complaint and strike Traxcell's "Corrected First Amended Complaint" (ECF No. 94).


Respectfully Submitted,


Dated: June 17, 2019           */s/ Barry K. Shelton*
                               Barry K. Shelton

                               Attorneys for Defendant
                               ALE USA INC.